## STOLTS v. BLAISDELL.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

Appeal from Special Term, Chautauqua County.

Action by Charles Stolts against William B. Blaisdell. From an interlocutory judgment for defendant, plaintiff appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, and MERRELL, JJ.

Hall & Van Vlack, of Cherry Creek, for appellant.
Stearns & Thrasher, of Fredonia, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, with leave to plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal.

FOOTE, J. (dissenting). If two causes of actions are stated in the complaint, I think they are claims arising out of transactions connected with the same subject of action, within the meaning of subdivision 9 of section 484 of the Code, and so may be united in one action.

Plaintiff's claim is that he had a right to occupy defendant's 10 acres of land and raise crops thereon for the seasons of 1911 and 1912; that this was the agreement between the parties; that by mutual mistake in drafting the lease, such right was not given to him for the second season; that several months after the lease was made it was, in effect, modified by an oral agreement that 3½ acres of this land should be occupied and cultivated for the season of 1911 by defendant for his own benefit, but that defendant should harvest his crops on this 3½ acres and remove all roots and rubbish therefrom early enough in the fall of 1911 to permit the plaintiff to plow that land in the fall of 1911 to prepare it for crops of the season of 1912; and that this the defendant failed to do, thereby causing plaintiff damage

in respect of this 3½ acres, in case he was to have the use of it for the season of 1912. Of course, plaintiff would not be damaged, unless he was to have the use of this land the following season.

Plaintiff began this action on December 22, 1911. The only breach of any agreement between the parties which had then occurred was the failure of defendant to remove his crops and clean up the 3½ acres in time to permit plaintiff to plow it in the fall of 1911. The first year's lease of the 10 acres did not expire until February 29, 1912; hence there had been no refusal of defendant to continue the lease for a second year in accordance with the oral agreement, as plaintiff claimed it to be. Nevertheless plaintiff had the right to bring his action at that time to reform and correct the lease, so as to give him the two-year term, and, unless he should succeed in reforming it, he could not show that he had been damaged by defendant's failure to give him possession of the 3½ acres in time for the fall plowing.

The transaction or transactions between these parties relate to this 10 acres of land. The second agreement as to the 3½ acres modified the first agreement as to the whole. In legal effect, plaintiff's action is to recover damages for breach of the agreement as modified, and to permit of such recovery he must necessarily have the written part of the agreement as embodied in the lease reformed, so as to give him possession of the 10 acres for two years; otherwise, his claim for damages would fail. Hence it seems to me that the case is like those cited on the appellant's brief, where actions were brought to reform insurance or other contracts, and at the same time to recover damages for breach of the contract as reformed.

While plaintiff has drawn his complaint in form to state two causes of action, I think, in effect, it is only one, namely, damages for the breach of a contract, which contract is not correctly expressed in the writing, and which he asks to have reformed and corrected to permit the recovery that he asks.

Moreover, I think that we should take notice of the fact that the season of 1912 has already passed, and when this case comes to trial, if the lease is reformed in accordance with plaintiff's claim, plaintiff will, no doubt, be permitted to recover his damages for the failure of the defendant to give him the use of these 10 acres during the season of 1912, and that then there will be no occasion to separate damages arising from the 3½ acres, and treat that as a separate claim or separate cause of action. It will then be wholly immaterial whether defendant failed to put plaintiff in a position to plow these 3½ acres in the fall of 1911 for the next season's crop, as it will appear that plaintiff was deprived altogether of the use of these 3½ acres for the season of 1912 by the defendant for other reasons.

For these reasons, I think the judgment appealed from should be reversed, with costs, and the demurrer overruled, with leave to the defendant to plead over on payment of the costs of the demurrer and of this appeal.